

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. J. Isaacks, Chairman
Committee on Judiciary and Uniform State Laws
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-5129
Re: Does Article 483, Penal Code
of Texas, prohibit the carry-
ing of a "black jack"?

We are in receipt of your letter of March 12, 1943, wherein you state, "before attempting to enact legislation on the subject so as to include the weapon commonly known as a 'black jack' it is considered well to inquire whether or not in your opinion the statute now including as it does the term 'slung shot' does not already cover the object commonly known as a 'black jack'." In pursuance to this request we have diligently briefed this question, and searched for former opinions of the Attorney General's Department on this subject. While we have found no previous opinions on this proposition by the Attorney General's Department, we are glad to render to you our opinion on this question.

Article 483, Penal Code, reads as follows:

"Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year. Acts 1887, p. 6; Acts 1905, p. 56; Acts 1918, p. 194."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It will be noted that the term "black jack" is not included in the statute while the term "slung shot" is included, but not defined.

The Court of Criminal Appeals, 1908, in the case of Geary v. State, 108 S. W. 379, reversed a conviction for carrying a "slung shot" and remanded the cause. The court held that the weapon involved, described as a "stick about 8 or 10 inches long, being composed of an ordinary round chair-round, being smaller at one end than the other, and the small end having a hole bored through it, and a string run through this hole, which could be hung on the wrist"; and the "larger end of the round had some holes bored in it and seemed to be filled with some kind of metal", was not a "slung shot" as prohibited by Article 483, Penal Code of Texas. The court quoted with approval Webster's definition of a slung shot as a "metal ball of small size with a string attached, used for striking".

The Court of Criminal Appeals in 1935 in the case of Vargas v. State, 126 Tex. Cr. Rep. 159, 79 S. W. (2) 660, affirmed the conviction of the defendant for carrying a slung shot, although the judgment was reversed and the cause remanded on procedural grounds. The description of the weapon acknowledged by the Court of Criminal Appeals in this case to be a slung shot, is scarcely discernible from the description of the weapon used or carried by the defendant in the case of Geary v. State, 108 S. W. 379, above quoted, wherein that weapon was held not to be a slung shot. The only discernible differences in the nature of the two weapons appears to be trivial, that being the weapon in Vargas v. State was composed of a piece of steel or metal, covered by horse hide or leather, whereas in Geary v. State the weapon was basically a round chair-round made of wood. These differences being trivial and inconsequential, it would appear that the Court of Criminal Appeals in Vargas v. State effectively overruled the former opinion of the Court of Criminal Appeals in Geary v. State; however, no mention of Geary v. State is made in the opinion of Judge Lattimore in Vargas v. State.

In Vargas v. State the weapon acknowledged by the Court of Criminal Appeals to be a slung shot was described as "being a piece of steel or metal enclosed in strips of

horse hide or leather; one end tapering to where by strips or straps same could be fastened to the wrist". The most recent pronouncement by the Court of Criminal Appeals on the definition of a slung shot is that stated in the opinion by Judge Graves in the case of Smith v. State, 140 S. W. (2) 452. In this case the witnesses testified that the defendant hit the complaining witness with a "black jack", whereas the trial court convicted the defendant for carrying a "slung shot". The judgment of conviction was therein reversed and the cause remanded, one of the errors of the trial court being in the refusal to submit the charge as requested by the defendant defining the same in "some language as used by Mr. Webster or the Geary case". The approved definitions therein cited are those contained in 8 C. J., p. 113, defining a black jack as "a small leather covered club or billy weighted at the head and having an elestic shaft, this being a quotation from Webster's International Dictionary". The Court of Criminal Appeals cited with approval the definition of a slung shot as defined in 58 C. J. p. 773 as a "ball of shot or metal covered with leather, and a band of elestic or leather attached to such ball, and made so that the same can be attached to the wrist or arm of a person; a metal ball of small size with a string attached used for striking; a small mass of metal or stone fixed on a flexible handle, strap or the like, used for a weapon".

In the above quoted opinion the Court of Criminal Appeals expressly differentiated between a "slung shot" and a "black jack" as evidenced by the following language of said opinion:

"The court throughout his charge refers to a 'slung shot' while the State's witnesses refer to a 'black-jack'. This contradictory matter should be eliminated or harmonized in some way in the event of a new trial herein."

It is significant to note that the Legislature of the State of California in the "Deadly Weapons Act", Statutes 1925, p. 542, sec. 1, prohibits possession of any instrument or weapon of the kind commonly known as a "black jack", "slung shot", etc, the statute itself distinguishing a "black jack" from a "slung shot". The difference between a "black jack" and a "slung shot" has been recognized and followed in the

California courts interpreting the California Deadly Weapons Act in the cases of People v. Mulherin, 35 P. (2) 174, (hearing denied by the Supreme Court), and in People v. Williams, 279 P. 1040, Dist. Ct. App. Calif. In the last mentioned case the defendant was charged with possession of a "black jack" or a "slung shot", and the court approved of the trial court's definition of a black jack as a "small leather covered club or billy weighted at the end, and having an elastic shaft". But the court further defined a "slung shot" as a "small mass of metal or stone fixed on a flexible handle, strap, or the like, used as a weapon". The court held that although a "black jack" is not a "slung shot", since carrying of either is prohibited, that if the defendant was found guilty of carrying either a "black jack" or a "slung shot" the conviction should be affirmed.

You are advised that while the question is not entirely settled in Texas by reason of the uncertainty of the legal definition of "slung shot", the most recent pronouncement by the Court of Criminal Appeals distinguishes between a "black jack" and a "slung shot", thereby upholding the early opinion of Geary v. State providing in effect that the carrying of a "black jack" is not prohibited under Article 483, Penal Code of Texas, inasmuch as a "black jack" is not a "slung shot". At least two Texas convictions have been reversed and remanded by the Court of Criminal Appeals when the defendant was convicted of carrying a "slung shot", whereas in fact he carried a "black jack". The "black jack" and "slung shot" are recognized to be two separate and distinct criminal weapons under the statutes of the State of California and under decisions of the California appellate courts in the interpretation of said statutes. Therefore you are advised that in our opinion under the present status of the law, Article 483, Penal Code of Texas, does not prohibit the carrying of a weapon commonly and legally known as a "black jack".

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 24, 1943
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By /s/

Fred C. Chandler
Assistant

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN

By /s/

Stewart W. DeVore

SWDV:mp

SWDV:mw